IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Keith Rodall, | ) | C/A No. 3:13-207-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| City of Columbia, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Through this action, Plaintiff, Keith Rodall ("Rodall") seeks recovery from his employer, the City of Columbia ("the City"), for alleged racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Rodall's claims focus on the City's failure to promote him to the position of Battalion Chief. Rodall alleges this non-promotion was due, at least in part, to a discriminatory "promotional testing scheme[.]" Objection at 1 (ECF No. 41). Rodall also alleges that he was subjected to retaliatory discipline after he made complaints about perceived discrimination. *Id.* Finally, he alleges he was denied overtime pay to which he was entitled. *Id.*

The matter is before the court on the City's motion for summary judgment. ECF No. 29. For the reasons set forth below, the City's motion is granted in full.

**PROCEDURAL BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On December 2, 2014, the Magistrate Judge issued a Report recommending that the City's motion for summary judgment be granted in full. Report (ECF

No. 39). The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so.

Rodall filed timely objections on December 17, 2014, arguing that summary judgment should be denied as to most of his claims. ECF No. 41 (challenging all recommendations other than the recommendation that his claim for retaliation be dismissed for failure to exhaust administrative remedies).[1] The City responded on December 23, 2014, urging the court to adopt the Report in full and grant summary judgment on all claims. ECF No. 42.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a specific objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

---

[1] The Report concludes by "recommend[ing] that defendant's motion for summary judgment . . . be granted." ECF No. 39 at 13. The recommendation as to the retaliation claim is, however, based on Rodall's failure to "properly exhaust" his administrative remedies and consequent failure to "invoke[] the court's jurisdiction." Thus, this recommendation is more accurately a recommended dismissal of the retaliation claim for lack of subject matter jurisdiction.

**DISCUSSION**

To constitute a "specific objection" warranting *de novo* review, an objection must be made with "sufficient specificity so as reasonably to alert the district court to the true ground for the objection*."  U.S. v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) (addressing specificity requirement in context of determining whether issue was preserved for appeal).   To require less, would "defeat the purpose of requiring objections," because judicial resources would be wasted and the district court's effectiveness would be undermined." *Id.*; *see also  Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982) (court not required to conduct a *de novo* review when presented with only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations").

Although it is clear from his objections that Rodall disagrees with all but one of the Magistrate Judge's recommendations, Rodall has not provided the degree of specificity necessary to entitle him to a *de novo* review.  This is because Rodall's objections do little more than identify the recommendations to which he objects, followed by a superficial (and often inaccurate) characterization of previously cited evidence and arguments offered in his memorandum in opposition to summary judgment.

For example, Rodall's first objection challenges the recommendation that the court find he "cannot establish a *prima facie* case as it relates to comparing himself to a similarly situated individual outside of his protected class."  ECF No. 41 at 3.  The entirety of Rodall's objection to this recommendation is as follows:

> Plaintiff presented evidence on the issue of whether or not he was treated differently than similarly situated individuals who were not African American.  For example, Plaintiff directly compared himself to previous classes of applicants,

> wherein white applicants underwent similar testing conditions but were promoted, unlike Plaintiff. By virtue of the requirements for the testing process and based upon the theory of the testing as described by Tomes, the participants, before being scored, are similarly situated in their respective positions and lines of work because they are vying for the *same* promotion.
>
> Plaintiff's testimony and proffered evidence refutes the contention that he failed to establish the comparator prong of the *prima facie* test.

ECF No. 41 at 3.

This objection is too general to warrant *de novo* review because it fails to provide any detail as to why the "previous classes of applicants" should be held to be appropriate comparators (and, consequently, why the Report erred in concluding Rodall had not presented adequate comparator evidence). Rodall does not, for instance, point to evidence that any member of the previous classes were promoted under similar circumstances given Rodall's failure to pass a portion of the test required for promotion. Neither does Rodall cite any supporting evidence or legal authority for this abbreviated argument.[2]

Rodall's arguments on other issues are similar as they, at most, summarize the recommendations in the Report, state that he disagrees with the recommendation, and provide a superficial characterization of his prior arguments.[3] For example, Rodall's entire argument on the Wage Claim is as follows:

---

[2] In a footnote, Rodall states that "[a] copy of all deposition testimony and exhibits *cited herein* were submitted" with his prior opposition memorandum and "craves reference" to the same "as if attached hereto and resubmitted." ECF No. 41 at 1 n.1 (emphasis added). Rodall does not, however, cite any supporting evidence at any point in his objection memorandum. Neither does he direct the court to any legal authority or even specific pages of his prior memorandum. In fact, his only citations are to the Report.

[3] As explained below, Rodall's characterizations of his prior arguments are often inaccurate and are not, in any event, persuasive.

> The honorable Magistrate Judge argues that the FLSA addresses firefighter overtime pay and because of that, Plaintiff does not have a claim for unpaid overtime because his schedule was reflective of that outlined by the FLSA for firefighters. (Dkt. No. 39, p. 12). However, Plaintiff provided sufficient evidence that the rate and way in which he was paid did not align with the FLSA mandates, specifically through his testimony and that of similarly situated firefighters.

ECF No. 41 at 5.

Despite their length, Rodall's objections provide the court with no greater specificity than had he stated: "I disagree with the Magistrate Judge's conclusions, and I do so for the reasons I argued in my memorandum in opposition to summary judgment." This amounts to no more than a general objection because it is impossible to draw meaning from Rodall's objections without a review of his entire prior submission. As noted above, allowing such an approach would defeat the purpose of requiring specific objections as a prerequisite to *de novo* review because it would increase, rather than decrease, the burden on the judiciary, thus defeating the purpose of the magistrate judge system.[4]

For these reasons, the court finds Rodall is not entitled to a *de novo* review. In an abundance of caution, the court has, nonetheless, conducted a full *de novo* review to the extent Rodall made even a non-specific objection (thus, for all claims other than retaliation). Having done so, the court concludes that the Report was correct both in its reasoning and recommendations.

In reaching this conclusion, the court has taken each of Rodall's generalized objections, searched his prior opposition memorandum for supporting arguments and citation to evidence, and considered those arguments and cited evidence as if presented to this court in a specific objection.

---

[4] The inadequate specificity is particularly troubling given that Rodall is not only represented by counsel, but by counsel with substantial experience in employment litigation. Given this district's routine referral of such matters to a magistrate judge for pretrial proceedings, counsel should be well aware of the need for specificity in any objection to a report and recommendation.

Having undertaken this duplicative and time-consuming process, the court finds no support for any of Rodall's objections for reasons explained below.

### A. Retaliation

As noted above, Rodall's objections do not challenge the recommendation that his retaliation claim be dismissed for lack of subject matter jurisdiction due to his failure to exhaust administrative remedies. The court has, therefore, reviewed this recommendation for clear error.

Rodall's claim for retaliation arose in the "Spring of 2011." Amended Complaint ¶ 26 (ECF No. 13, filed June 25, 2013). Thus, his retaliation claim is based on events predating his charge of discrimination, which was filed on December 7, 2011. The general rules for exhaustion of remedies, therefore, apply and require dismissal of Rodall's retaliation claim for lack of subject matter jurisdiction. *See Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992) (recognizing limited exception to the exhaustion requirement only for retaliation claims based on incidents post-dating the filing of a charge of discrimination).[5]

The court would reach the same result under a *de novo* standard of review as Rodall did not check the box for retaliation and nothing in the text of his charge suggests he is complaining of retaliatory actions. To the contrary, the text solely and specifically challenges the testing process as unfair, arguably on a racial basis although even the racial component of the concerns requires a generous reading of the charge.

---

[5] Although Rodall refers to later incidents in his deposition, he does not purport to rely on these incidents in his Amended Complaint or his memorandum in opposition to summary judgment. *See* Rodall dep. at 15-16 (referring to attempted "write-ups" in February and April of 2012, and discipline issued in June of 2013). As noted above, he makes no specific argument as to retaliation in his objections.

### B.     Disparate Treatment – *Prima Facie Case*

**Report.**  The Report recommends summary judgment be granted on Rodall's disparate treatment claim because he has "present[ed] no evidence that any similarly situated person outside of his protected class was treated differently" and cannot, therefore, establish a *prima facie* case. "Specifically, he has not identified any comparators that are similarly situated to him in all relevant respects." Report at 9 (ECF No. 39). The Report addresses affidavits of two *former* firefighters on which Rodall relies, noting that neither affidavit "identifies any specific white employee who was treated more favorably in any manner raised by Rodall." *Id.* at 10.[6]

**Objection.**  In his objection memorandum, Rodall argues that he previously presented evidence that "he was treated differently than similarly situated individuals who were not African American." ECF No. 41 at 3. In support of this claim, Rodall asserts that he "directly compared himself to previous classes of applicants, wherein white applicants underwent similar testing conditions but were promoted, unlike Plaintiff." *Id*. Rodall argues that he and these alleged comparators were similarly situated because "the participants, before being scored, are similarly situated in their respective positions and lines of work because they are vying for the *same* promotion." *Id*. (emphasis added).

**Discussion.**  Even taken at face value, Rodall's argument would not support a claim of discrimination because it would effectively eliminate the requirement for similarly situated comparators by assuming that all individuals vying for the same promotion through the same process are similarly situated. If this were enough, every denial of a promotion would support a *prima facie*

---

[6] The two affidavits are from firefighters who retired in 2008 and 2009 respectively. Thus, even the general observations of these firefighters relate to a period distant from the one at issue: a selection process conducted during 2011.

7

case of discrimination so long as the individual promoted was from outside a protected class to which at least one individual who was not selected belonged.

The argument also fails for its categorical approach to proof because it relies on a conclusory allegation that "previous classes of applicants" were treated differently, without addressing the manner in which either the entire class or individual members of the class were treated differently (even if assumed to be similarly situated). Most critically, Rodall fails to address whether prior classes or members of those classes were promoted despite failing to pass one or more portions of the prerequiste test.

Nothing in Rodall's memorandum in opposition to summary judgment suggests greater specificity. His closest argument is a statement that he "testified and provided a plethora of evidence to suggest he was more than qualified for the positions he sought through the supplemental testing program." ECF No. 33 at 10 (citing Rodall dep. at 67:20-68:6). The cited deposition excerpt discusses Rodall's answer to one test question, including that he had completed an extensive paper on the same topic and suggesting the answer he gave was a condensed version of the longer paper while the answer shown on the recorded test is shorter than he recalls providing. Together with other pages of Rodall's deposition (which he does not cite), this testimony may suggest the electronically recorded test responses were not properly secured. Rodall dep. at 55-59. Even if this somewhat speculative testimony was adequate to suggest a problem with test security, it would not, without more, suggest that the security varied by race. Thus, it would not support a claim of disparate treatment.

Nothing else in Rodall's memorandum in opposition to summary judgment suggests that he is even attempting to provide evidence of comparators. Instead, Rodall misstates the fourth prong

of the relevant test as requiring "other evidence . . . raising an inference of discrimination[,]" disregarding the cited case's description of the fourth prong as requiring a showing "that similarly-situated employees outside the protected class received more favorable treatment." ECF No. 33 at 9 (citing *White v. BFI Waste Svcs, LLC*, 375 F.3d 288, 295 (4th Cir. 2004)).

In sum, Rodall has failed to direct the court to evidence that he was treated differently than any similarly situated employee outside his protected class with respect to the promotion process. This is despite the City raising the issue in its motion for summary judgment and the Report relying on this deficiency in recommending summary judgment be granted.

### C.     Disparate Treatment – Pretext

**Report.**  The Report also recommends summary judgment be granted on Rodall's disparate treatment claim because Rodall has not proffered evidence sufficient to establish that the City's stated legitimate, nondiscriminatory reason for its actions was pretextual. Report at 11. The Report notes, *inter alia*, that the evidence was "unrefuted . . . that Rodall did not receive a passing score" on a test that was a prerequisite to promotion. *Id.*

**Objection.**  Rodall argues that he "fully explained his superior qualifications for the promotion in his deposition testimony and . . . that he, like other African American testing participants, failed to make the promotion list." ECF No. 41 at 3. Rodall effectively concedes that he failed to receive a passing score on the referenced test for promotion by arguing "that the reason for his low score was due to his race and the disparate impact of the testing process itself." *Id.* at 3-4.

**Discussion.**  Rodall's argument as to qualifications is unavailing in light of his concession that he failed to pass a test that was a prerequisite to promotion. To the extent relevant to this case, his argument that the reason for his low score was due to his race and disparate impact of the process

suggests only a disparate impact claim (which fails for reasons addressed below). It does not support the disparate treatment claim to which the pretext analysis applies because it does not support an inference that the City's stated reason for its decision (Rodall's failure to pass) was pretextual.

### D. Disparate Impact

Rather than challenging the Report's legal conclusion that the disparate impact claim must be supported by statistical evidence, Rodall refers to the testimony of William Tomes, who was involved in development of the promotion process including the test. Objection memorandum at 4, ECF No. 41. Rodall states that "Tomes testified that the written test had undergone several variations over the years, which would support his contention that the sampling size would be too small for a valid analysis." *Id.* This statement does not suggest the existence of statistical evidence supporting the disparate impact claim. It, instead, indicates that no such evidence could likely be obtained.

Rodall's earlier memorandum in opposition to summary judgment is similarly devoid of any statistical evidence. He, instead, suggests in his discussion of facts (under the subheading "§ 1983") that disparate impact might be established based on the mere potential for discrimination resulting from the employer's control over the testing process. ECF No. 33 at 8 (alleging "promotional testing scheme . . . has a disparate impact upon African American employees because of the way in which it is executed[,]" most critically the City's control over the process which included "direct input into identifying the 'best answer' to panel situational questions"; also noting Tomes' testimony that "the possibility exists for race discrimination in the testing process" (emphasis added)). In the argument section of this memorandum, Rodall combines his discussion of disparate impact with his discussion of disparate treatment, without reference to statistical evidence and assuming that both are

established through the burden-shifting framework. *Id*. at 10-12 (ignoring distinctions between the theories). Rodall does not expressly mention disparate impact under his Section 1983 argument, instead focusing on generalized allegations that "African American employees [were] not given the same opportunities as white employees as it relates to the promotional testing process because of the customs and practices of Defendant in maintaining a great deal of control over the testing process[.]" *Id.* at 15.

Rodall also relies on proffered affidavits of two firefighters who retired in 2008 and 2009 as well as his testimony regarding his own experiences. This evidence fails to support a disparate impact claim because it is, at best, subjective and anecdotal (and at worst irrelevant to the time frame at issue). Rodall offers no support for his apparent premise that this evidence may substitute for the sort of statistical evidence generally required to support a disparate impact claim.

**E.     Wage Claim**

Rodall's objection to the recommendation that summary judgment be granted on his wage claim is entirely generic, consisting of one sentence summarizing the Report's recommendation and the following statement: "Plaintiff provided sufficient evidence that the rate and way in which he was paid did not align with the FLSA mandates, specifically through his testimony and that of other similarly situated firefighters." ECF No. 41 at 5.

The Report relied on a specific FLSA regulation applicable to overtime for firefighters in recommending Rodall's state and federal wage claims be dismissed. Rodall does not mention, much less discuss, this regulation either in his objection memorandum or in his memorandum in opposition to summary judgment. He has not, therefore, offered any argument that might support this claim.

## CONCLUSION

For the reasons set forth above, the court adopts the Report and Recommendation and grants the City's motion in full. Despite absence of objections sufficiently specific to warrant *de novo* review, the court has conducted a *de novo* review. Having done so, the court fully concurs in and adopts the reasoning and recommendations of the magistrate judge for reasons explained above, with the sole clarification that the retaliation claim is dismissed for lack of subject matter jurisdiction, and summary judgment is granted on the remaining claims. Judgment shall be entered for the City accordingly.

IT IS SO ORDERED.

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
January 14, 2015